IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal Action No. 3:99CR174

CARL W. COBBS

MEMORANDUM OPINION

Carl W. Cobbs, proceeding pro se, filed this 28 U.S.C. § 2255 Motion seeking relief based upon Johnson v. United States, 135 S. Ct. 2551 (2015). The Government has responded and agrees with Cobbs that his § 2255 Motion should be granted and that Cobbs should be resentenced. For the reasons that follow, the § 2255 Motion (ECF No. 203) will be granted.

The Court found Cobbs guilty of one count of possession of firearm by convicted felon (Count One) and one count of possession of ammunition by a convicted felon. (J. 1, ECF No. 113.) As noted by the Supreme Court,

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation[s] of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

Johnson, 135 S. Ct. at 2555 (citation omitted). At sentencing it was determined that Cobbs had three prior convictions that

qualified as serious drug offenses or violent felonies. These charges included: two prior convictions for Delivery of a Controlled Substance in the County Criminal District Court in Dallas, Texas; and one for Escape in the County Criminal District Court in Dallas. (Presentence Report ¶¶ 16-17, 24.) Cobb's sentencing guidelines range was 235 to 293 months. (Id. ¶ 55.) Pursuant to the Armed Career Criminal Act, Cobbs's statutory guidelines range was fifteen years to life in prison. (Id.) The Court sentenced Cobbs to 235 months of imprisonment on each count to run concurrently.

The Armed Career Criminal Act ("ACCA") defines a violent felony as: "any crime punishable by imprisonment for a term exceeding one year" and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." Johnson, 135 S. Ct. at 2556. In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. Id. at 2557.

2

Cobbs "asserts that he no longer qualified for an ACCA enhancement in light of the U.S. Supreme Court's invalidation of the residual clause of the ACCA in <u>Johnson</u>. [Cobb] argues that <u>Johnson</u> . . . applies retroactively, and thus the statutory maximum for his convictions on each count is 120 months in prison, not the mandatory minimum of 180 months that this Court used to calculate his prison sentence." (Gov't's Resp. to 3.) The Government "agrees that <u>Johnson</u> applies retroactively to Petitioner's claim for a reduced sentence in this case. (<u>Id.</u> at 4.) Specifically, the Government concedes

> At the time of sentencing, the Court analyzed Cobb's prior convictions under the ACCA residual clause.[1] . . . Accordingly, once <u>Johnson</u> is applied retroactively and the residual clause of the ACCA no longer applies, Petitioner would not be ACCA eligible.
> If Petitioner were sentenced today, he would fall under 18 U.S.C. § 924(a)(2) for a maximum of 120 months per count. But because Petitioner faced two prohibited persons counts under 18 U.S.C. § 922(g)(1), the Court could stack sentences to achieve a total sentence that exceeds that amount, indeed that matches the 235 month sentence imposed, <u>see</u> U.S.S.G. § 5G1.2(d). Petitioner's Guidelines range on both counts combined, though, would have been just 100-125 months,[2] which in this case, constitutes time served. Further, the two counts of conviction should have

---

[1] In its brief on appeal, the United States conceded that the Petitioner's escape conviction did not meet the elements clause of ACCA. Brief of the United States at 29. Instead, the United States argued, the offense qualified under the residual clause. <u>Id.</u> at 30.

[2] Petitioner was a Criminal History VI and an Offense Level 24, resulting in a Guidelines Range of 100-125 months.

3

> merged as a simultaneous possession of a firearm and ammunition by a prohibited person is a single offense, with a total maximum sentence of 120 months. See United States v. Dunford, 148 F.3d 385 (4th Cir. 1998). Therefore, the United States does not object to a reduction of the Petitioner's sentence.
>
> . . . .
>
> In this case, the United States agrees Petitioner's sentence should have been capped at 120 months because the two counts of conviction should have merged. Thus, he has already served more than the ten-year maximum for his felon-in-possession conviction. In this circumstance, a resentencing is not necessary to grant relief under § 2255.

(Id. at 4-5.)

With the residual clause of the ACCA invalidated, Cobb would only have two remaining qualifying felony convictions. Thus, he would no longer qualify for the enhanced sentence under the ACCA. Under Dunford, Cobbs conviction for possession of a firearm and possession of ammunition would merge, and Cobbs would face a maximum sentence of 120 months. Dunford, 148 F.3d at 388-90. Cobbs has served more than 120 months of incarceration, as he has been in custody since May 25, 1999. (See PSR 1.) In light of the foregoing circumstances, Cobb's § 2255 Motion (ECF No. 203) will be granted. Cobbs's sentence will be reduced to 120 months. The Bureau of Prisons will be directed to release Cobbs immediately.

Cobb's motions for appointment of counsel (ECF Nos. 205, 207) will be denied. Cobb's Application To Proceed In Forma Pauperis (ECF No. 204) will be granted.

The Clerk is directed to send a copy of the Memorandum Opinion to Cobbs and counsel for the United States.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Date: October 6, 2016
Richmond, Virginia

5